IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

CRIMINAL
NO. 17-506

DARIEN SHANELL ELLSWORTH-DAWAY

**MEMORANDUM OPINION**

**Schmehl, J.** */s/JLS*                                                               **July 7, 2021**

Before the Court is a *pro se* motion filed by Defendant Ellsworth-Daway that

seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The government has

filed a response, and Defendant's motion is now ready for decision.

## I.      STATEMENT OF FACTS

On September 22, 2017, defendant Darien Shanell Ellsworth-Daway was charged

in a one-count information with conspiracy to distribute 5 kilograms or more of cocaine.

He pled guilty on November 30, 2017 and was sentenced on April 20, 2018. Defendant's

Criminal History Category was I, the offense level for his crimes was 27, and he faced a

guideline range of 120 months due to the ten-year mandatory minimum sentence

requirement. He was sentenced to the mandatory minimum of 120 months.

Defendant is presently held at FCI Loretto. He has served approximately 37

months and has credit for good conduct time of approximately 3 months, and thus has

served approximately 40 months of the 120-month term imposed in this case. His

anticipated release date is December 27, 2026. Thus, at present, Defendant has more than

five years remaining to serve in federal prison. While in custody, he has committed six

disciplinary infractions.

On June 1, 2020, Defendant submitted a request for compassionate release to the warden based upon his claim that he is the only available caregiver for his diabetic amputee mother who is also on kidney dialysis. The warden denied his request, and on October 22, 2020, Defendant filed this *pro se* motion for compassionate release, which makes the same arguments. Defendant also argues that a COVID-19 outbreak while he is in prison could result in permanent damage to his organs.

The government responded to Defendant's compassionate release motion and reviewed his medical records from the Bureau of Prisons. The records show that Defendant, who is 30 years old, is healthy, has no chronic conditions and takes no prescription medication.

## II.   LEGAL AUTHORITY

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In application note 1 to the policy statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)  suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the

3

environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant

(i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III.   DISCUSSION

In the instant matter, Defendant's motion for compassionate release is based only upon family circumstances, as he claims that he should be released to care for his ailing mother. However, Defendant cannot justify the extraordinary relief that he has requested. Accordingly, Defendant's motion for compassionate release will be denied.

The guidelines set forth above limit relief in this circumstance to situations in which the caregiver of the defendant's minor child or children has died or become incapacitated, or the defendant's spouse or registered partner is incapacitated and the defendant would be the only available caregiver for the spouse or registered partner. There is no provision in the guidelines for an inmate who claims that he should be released as the only available caregiver for an ailing parent. Courts have generally denied release in circumstances comparable to those presented here. See, e.g., *United States v. Siberio-Rivera*, 2020 WL 7353367, at *1 (E.D. Pa. Dec. 15, 2020) (Pappert, J.) ("[j]udges in this District have yet to find care for elderly or ill parents r[i]ses to the level of extraordinary and compelling circumstance warranting release."); *United States v. Ingram*, 2020 WL 3183698, at *2 (D. Md. June 15, 2020) (desire to care for mother, who is nearing 60 and has risk factors, is insufficient); *United States v. Ingram*, 2019 WL 3162305 (S.D. Ohio July 16, 2019) (compassionate release motion premised on inmate's desire to care for his 93-year-old mother denied, as she was in hospice and had other relatives to care for her; court states: "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Further, Defendant has failed to present any evidence that he is the only available caregiver for his ailing mother. Nor does he present any evidence that he has been approved or is a match to be a kidney donor for his mother, despite his argument that he wishes to donate a kidney and therefore, needs to be released. Lastly, Defendant has not presented any evidence as to why his wife could not act as a caregiver for his mother. Accordingly, Defendant has not presented evidence of circumstances that warrant relief. See, e.g., *United States v. Moore*, 2020 WL 7024245 (E.D. Pa. Nov. 30, 2020) (Kearney,

J.) (the need for care of the inmate's mother is not an extraordinary circumstance where he has a younger sister and cousin otherwise capable of taking care of his mother); *United States v. Hill*, 2020 WL 3037226 (W.D. Ark. June 5, 2020) (there is insufficient evidence that the defendant is the only caregiver for his ailing wife, and even if he were, service of 20 months of 84-month sentence is inadequate for sale of meth from the same home he would share with his wife); *United States v. Marshall*, 2020 WL 114437 (W.D. Ky. Jan. 9, 2020) (compassionate release sought on the basis of grandfather's declining health, but defendant is not the only available caregiver); *United States v. Crandle*, 2020 WL 2188865, at *4 (M.D. La. May 6, 2020) (failed to present evidence that he is only caregiver for ailing parents).

Even if Defendant could provide evidence that shows an extraordinary circumstance that justified his release, the analysis would not end there. I would also need to examine the 3553(a) factors and Defendant's possible danger to the community. In examining these factors, I must evaluate whether the sentence served reflects the nature and circumstances of the offense and the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect of the law, and affords adequate deterrence to criminal conduct.

First, including good time credit, Defendant has served approximately 40 months of his 120-month sentence. That is approximately 3 ½ years served of a 10-year sentence, which amounts to Defendant having served less than thirty-five percent of his estimated sentence. That is insufficient time served for a significant drug trafficking crime and would not reflect the seriousness of Defendant's crime.

Accordingly, Defendant does not warrant a sentence reduction or release in any fashion at the present time.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is denied.